1  VENABLE LLP
   Sarah S. Brooks (SBN 266292)
2  ssbrooks@venable.com
   Sharoni S. Finkelstein (SBN 271829)
3  ssfinkelstein@venable.com
   2049 Century Park East, Suite 2300
4  Los Angeles, California 90067
   Telephone: (310) 229-9900
5  Facsimile: (310) 229-9901

6
   *Attorneys for Defendant and Counterclaimant*
7  *TNSG HEALTH CO., LTD.*

8
9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  MURRAY COLIN CLARKE, an individual, and BIOZEAL, LLC, | Case No. 2:21-cv-03463-HDV-RAO |
| 13              Plaintiffs, | **VENABLE LLP'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION** |
| 14  v. | |
| 15  TNSG HEALTH CO., LTD., a United Kingdom Limited Company, | Hon. Hernan D. Vera |
| 16              Defendant. | Date:   October 11, 2023<br>Time:   10:00 am |
| 17 | |
| 18 | United States Courthouse<br>350 W. First St.<br>Los Angeles, CA, 90012,<br>Courtroom 5B, 5th Floor |
| 19 | |
| 20 | Discovery cutoff:       February 1, 2024<br>Pre-trial conference: July 2, 2024<br>Trial date:                  July 23, 2024 |
| 21 | |
| 22 | |
| 23 | [Filed Concurrently Herewith:<br>Second Declaration of Sarah S. Brooks] |

24
25
26
27
28

---

REPLY ISO MOTION FOR RECONSIDERATION

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................1

II.  ARGUMENT .........................................................................................................3

    A.   Venable Is Not Required to Make a Second Showing that It Is Entitled To *Ex Parte* Relief ..................................................................................................3

        1.   Venable Has Shown It Is Entitled to *Ex Parte* Relief .........................4

    B.   Venable Has Shown It Is Entitled to Reconsideration on All Three Grounds for Denial ..............................................................................................6

        1.   Venable Has Demonstrated Good Cause for Withdrawal ..................6

        2.   Venable's Withdrawal Will Not Prejudice Plaintiffs or Cause Delay In Light of this Court's Five-Month Extension of the Case Schedule ..............................................................................................................11

        3.   Venable Provided Notice of the Consequences of Withdrawal to Defendant ..........................................................................................12

    C.   The Court Should Not Grant Plaintiffs' Improper Request for a "Quid Pro Quo" ...............................................................................................................13

III. CONCLUSION....................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Black Mt. Equities, Inc. v. Players Network, Inc.*,
  No. 3:18-cv-1745-BAS-AHG, 2020 U.S. Dist. LEXIS 77468 (S.D. Cal. May 1,
  2020) ..................................................................................................................11

*Cyntegra, Inc. v. IDEXX Labs., Inc.*,
  No. CV 06-4170 PSG (CTX), 2007 WL 9702008 (C.D. Cal. Aug. 22, 2007)..........................3

*DCR Mktg. v. U.S. All. Grp., Inc.*,
  No. SACV 19-1897 JVS (DFMx), 2020 U.S. Dist. LEXIS 230465, at *4-5 (C.D.
  Cal. Aug. 17, 2020)..................................................................................................7

*Dist. Council 16 N. Cal. Health & Welfare Tr. Fund v. Lambard Enters.*,
  No. C 09-05189 SBA, 2010 U.S. Dist. LEXIS 94064, at *5 (N.D. Cal. Aug. 24,
  2010) ..................................................................................................................13

*Glasser v. Berzner*,
  No. SA CV 21-00661-DFM, 2022 WL 1843985 (C.D. Cal. Feb. 18, 2022)..........................7, 8

*Heilman v. Silva*,
  No. 13-CV-2984 JLS (AGS), 2017 U.S. Dist. LEXIS 29893 (S.D. Cal. Mar. 2,
  2017) ....................................................................................................................7

*Heintze v. Wells Fargo Bank, N.A.*,
  No. CV 15-01238 MMM (MANx), 2015 U.S. Dist. LEXIS 187258, at *7 (C.D. Cal.
  July 16, 2015)..........................................................................................................4

*Jones v. James Trading Co. Ltd.*,
  No. CV 19-02674-MWF (JEM), 2022 U.S. Dist. LEXIS 139286 (C.D. Cal. Jan. 5,
  2022) ................................................................................................................8, 12

*Kopelev v. Boeing Co. Voluntary Inv. Plan*,
  No. 2:20-cv-05805-VAP-KSx, 2021 U.S. Dist. LEXIS 169186 (C.D. Cal. Jan. 11,
  2021) ....................................................................................................................7

*Syntex Healthcare Prods. Co., LTD v. McCreless Enter., LLC*,
  No. EDCV 21-593 JGB (SPx), 2022 U.S. Dist. LEXIS 242329, at *15-16 (C.D. Cal.
  Dec. 6, 2022)..........................................................................................................4

*WB Music Corp. v. Royce Int'l Broad. Corp.*,
  No. EDCV16600JGBSPX, 2019 WL 11638326 (C.D. Cal. May 1, 2019)..........................8, 11

**Court Rules**

California Rules of Professional Conduct 3-700(B)(2) ..................................................6

Local Rule 7-18..................................................................................................................3

Trademark Manual of Examining Procedure § 604.03 .............................................9, 10

**Other Authorities**

37 C.F.R. § 2.17(b)(1)(ii)–(iii)..................................................................................10

37 C.F.R. § 2.17(g) ................................................................................................9, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Venable LLP ("Venable") hereby submits this Reply in support of its Motion for Reconsideration ("Motion").

In their Opposition to Venable's Motion for Reconsideration (Dkt. 178, hereinafter, the "Opposition"), Plaintiffs' Murray Colin Clarke and Biozeal LLC ("Plaintiffs") incredulously argue that 1) Venable did not show it is entitled to *ex parte* relief; 2) Venable did not show good cause because it continues to "represent" Defendant and other entities before the United States Patent and Trademark Office ("USPTO") and 3) Plaintiffs continue to face prejudice because the case remains at a "busy juncture" that requires Venable's continued involvement.

First, this Court did not deny Venable's *ex parte* application on the ground that Venable did not show that it was entitled to *ex parte* relief or created the "crisis" warranting the *ex parte* application. Venable cannot ask for reconsideration of an issue that was not disputed by the Court. In any case, Venable is clearly entitled to *ex parte* relief because, as explained in Venable *ex parte* application, this Court's Reassignment Order and the former case schedule created a crisis that necessitated an emergency filing, and filing according to the regular noticed motion procedures would have prejudiced Venable.

Second, Venable has easily met the standard for reconsideration on the ground that it demonstrated good cause, and Plaintiffs' feigned ignorance to the reasons for Venable's withdrawal is both disingenuous and deceptive. This Court should have accepted Venable's good faith assertion that the attorney-client privilege prevented it from disclosing further details regarding its conflict with Defendant. In any case, Venable's *ex parte* application, Motion for Reconsideration, and the record in this matter show that Defendant is not following Venable's advice and recommendations which undermines Venable's ability to effectively represent Defendant, that Defendant has not obtained substitute counsel so that Venable may withdraw despite Venable's

repeated requests, and that Defendant and Venable have had significant disagreements over discovery obligations, including Defendant's failure to appear for depositions despite a stipulation and court order. Venable cannot continue representing any party in such circumstances. And, Plaintiff is well-aware of these discovery disputes, including Defendant's failure to appear for scheduled depositions in violation of the Court stipulation and order. However, Venable will continue to honor its ethical obligations and represent Defendant and certain third parties in this matter until such time as the Court grants leave to withdraw or in the event that the leave to withdraw continues to be denied.

Further, Plaintiffs' continued claims of prejudice are undermined by the fact that they recently requested and obtained a five-month extension of the dates and deadlines in this matter. Discovery in this case is now set to close on February 1, 2024 and trial will commence on July 23, 2024. This case is no longer at a "busy juncture" as Plaintiffs previously argued – Plaintiffs have ample time to pursue discovery and their claims, and Defendant has ample time to obtain substitute counsel if it so chooses.

Next, Defendant has been informed of the consequences of withdrawal, including the consequences of its inability to proceed *pro se* as a corporation and the possibility of default, on numerous occasions both verbally and in writing.

Finally, Plaintiffs' continued request for "quid pro quo" relief, only agreeing to Venable's withdrawal in exchange for a grant of Plaintiffs' Motion for Leave to Amend, is improper and undermines the prejudice they claim in their Opposition. Further, Plaintiffs cite no precedence for such quid pro quo relief. Defendant has already filed an opposition to Plaintiffs' Motion for Leave, and that motion should be decided on the merits of the parties' respective briefings.

For the reasons set forth above and below and in its Motion for Reconsideration, Venable respectfully seeks reconsideration and respectfully asks this Court to grant its motion to withdraw.

## II. ARGUMENT

Pursuant to Local Rule 7-18 "[a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Contrary to Plaintiffs' assertions otherwise, Venable correctly set forth this standard in its initial motion. (Dkt. 141 at 2). For the reasons set forth below, Venable maintains that this Court's order was premised on a failure to consider the material facts presented to the Court.

### A. Venable Is Not Required to Make a Second Showing that It Is Entitled To *Ex Parte* Relief

As an initial matter, Venable is not required to make a second showing that it was entitled to *ex parte* relief because the Court did not deny *ex parte* relief on the basis that Venable's use of the *ex parte* procedure was improper. Instead, the Court set forth three specific grounds for denial of the requested relief: 1) "the Application's proffered showing of good cause . . . is belied by admissible evidence that Venable is currently representing Defendant in various other trademark matters;" 2) "allowing withdrawal at this busy point in the discovery phase . . . would cause further delays and substantial harm to the Plaintiffs;" 3) "Venable has not made a showing that it complied with Local Rule 83-2.3.4 by advising its client in writing of the significant default **consequences** that could flow from the Court granting the Application." (Dkt. 136). Venable is not required to address grounds for denial not raised by this Court.

Indeed, Plaintiffs do not and cannot cite to any portion of this Court's order indicating Venable failed to meet the requirements of filing *ex parte*. Plaintiffs' case law similarly provides little support. In *Cyntegra, Inc. v. IDEXX Labs., Inc.*, No. CV

06-4170 PSG (CTX), 2007 WL 9702008, at *5 (C.D. Cal. Aug. 22, 2007), the Court specifically rejected the requested *ex parte* relief on the grounds that plaintiff "failed to separately file either a proposed ex parte order or a[n] explanation as to why the regular noticed motion procedures must be bypassed, violating the Local Rule, this Court's Standing Order and Procedures, and case precedent."

Plaintiffs' attempt to re-litigate an issue that is not relevant to Venable's Motion for Reconsideration is a waste of this Court's time and resources. In any case, Venable's *ex parte* filing was procedurally proper as discussed below.

### 1. Venable Has Shown It Is Entitled to *Ex Parte* Relief

Venable presented clear evidence that it would be irreparably prejudiced absent emergency relief. Venable sought relief on an *ex parte* basis because the Court's Reassignment Order (Dkt. 126) and the Court's initial case schedule (Dkt. 86) made it impracticable for Venable to file according to the regular noticed motion procedure. (Dkt. 133 at 5). The Reassignment Order requires that all new motions be noticed for hearing after October 1, 2023. (Dkt. 126). Proceeding in accordance with this schedule would have caused Venable to wait three additional months for a hearing in October while having to continue to litigate this case despite a breakdown in the attorney-client relationship. This delay is at odds with Venable's obligation to make a motion to withdraw as early as possible to avoid delaying the litigation and prejudicing the parties. *See Heintze v. Wells Fargo Bank*, *N.A.*, No. CV 15-01238 MMM (MANx), 2015 U.S. Dist. LEXIS 187258, at *7 (C.D. Cal. July 16, 2015) (granting counsel's motion to withdraw, noting that discovery was set to close in 4 months and trial was set to commence in 8 months); *see also Syntex Healthcare Prods. Co., LTD v. McCreless Enter., LLC*, No. EDCV 21-593 JGB (SPx), 2022 U.S. Dist. LEXIS 242329, at *15-16 (C.D. Cal. Dec. 6, 2022).

In addition, Venable's decision to file a regularly noticed motion to withdraw does not, as Plaintiffs contend, "show[] that it was not prejudiced in the absence of *ex parte* relief." (Dkt. 178 at 5). Plaintiffs' obtained a five-month extension of the case

schedule after Venable filed its initial *ex parte* application as well as its Motion for Reconsideration. Venable only filed a regularly noticed motion in light of this extension and the Court's order, which held that "[t]he Court's denial of the present Application is made without prejudice to . . . re-filing by Venable of a fully noticed motion addressing these deficiencies." (Dkt. 136). It has no bearing on the prejudice Venable has faced and will continue to face without leave to withdraw.

      Moreover, Venable also demonstrated that the crisis necessitating its *ex parte* application was not of its own making. Plaintiffs argue that Venable created this crisis because, among other things, "three reputable law firms . . . had taken on Defendant's representation and then subsequently withdrew." (Dkt. 178 at 5). However, this is pure speculation. Plaintiffs do not know whether Defendant's prior counsel withdrew from representation – indeed, no motions to withdraw were ever filed by any of the law firms Plaintiffs mention. Plaintiffs have no knowledge whatsoever of the reasons underlying Defendant's prior counsel's departure from this case, and their suggestion otherwise is false and misleads this Court. Further, Plaintiffs' inflammatory argument lacks merit because the "crisis" necessitating *ex parte* relief was not created by or related to Venable's representation of Defendant, but rather was a result of the timeline created by the initial Scheduling Order and this Court's Reassignment Order requiring all new motions to be noticed for a date after October 1, 2023. (Dkt. 86); (Dkt. 126). Such circumstances are entirely outside of Venable's control. Even so, Venable made diligent efforts to determine the proper procedure in filing its *ex parte* application. On June 26, 2023, Venable sent an email to chambers to determine whether this Court would allow a motion to be noticed for a date prior to October 1, 2023 in urgent circumstances. (Declaration of Sarah S. Brooks, filed concurrently herewith ("Second Brooks Decl.") at ¶ 2, Ex. 1). Plaintiffs' counsel was included on this correspondence. (*Id.*) Thereafter, Venable proceeded on an *ex parte* basis pursuant to this Court's Standing Order. Venable was entirely without fault in creating the crisis that required *ex parte* relief and the requested relief was therefore appropriate.

### B. Venable Has Shown It Is Entitled to Reconsideration on All Three Grounds for Denial

Venable has made the requisite showing to justify withdrawal under California Rule of Professional Conduct 3-700(B)(2). As discussed below and in its initial Motion, this Court's finding to the contrary represented a failure to consider material facts presented before the Court.

#### 1. Venable Has Demonstrated Good Cause for Withdrawal

In denying Venable's *ex parte* application, the Court failed to consider the material fact that Venable is prevented from making a detailed statement as to the breakdown of the attorney-client relationship by the attorney-client privilege. Notwithstanding the attorney-client privilege, the record clearly demonstrates good cause and the breakdown in the attorney-client relationship. As mentioned above, Defendant failed to appear for depositions despite a stipulation and court order. (Dkt. 122); (Dkt. 123); (Dkt. 174 at 4).

Plaintiffs contend that "the attorney-client privilege is no excuse for the utter lack of any specificity in showing good cause." (Dkt. 178 at 6). But, Venable detailed as much as it could without violating the attorney client privilege. Venable specifically stated that stated that: 1) Defendant is not following Venable's advice and recommendations, which undermines Venable's ability to effectively represent Defendant; 2) the rejection of Venable's legal advice and the breakdown in the attorney-client relationship persisted when Defendant obtained new Beijing counsel; 3) Defendant has not obtained substitute counsel so that Venable may withdraw, despite Venable's repeated requests; and 4) Defendant's discovery obligations, including its failure to appear for depositions, are among the issues regarding which there has been a breakdown of the attorney-client relationship. (Dkt. 133 at 4-6); (Dkt. 141 at 5-6); (Dkt. 174 at 4).

Any further elaboration would violate the sacred attorney-client privilege. Case law supports Venable's contention. "With few exceptions, attorney-client privilege is

absolute, and forcing Counsel to reveal the exact details for their basis might undercut client confidences and 'exert a chilling effect on the constitutional guarantee of effective assistance and free-flow of attorney-client communications.'" *DCR Mktg. v. U.S. All. Grp., Inc.*, No. SACV 19-1897 JVS (DFMx), 2020 U.S. Dist. LEXIS 230465, at *4-5 (C.D. Cal. Aug. 17, 2020) (granting motion to withdraw where "Counsel indicate[d] that good cause . . . [was] 'based on several of the bases set forth in California Rule of Professional Conduct 1.16(b)' but declined to "describe the specific details considering the basis for withdrawal"). *See also Kopelev v. Boeing Co. Voluntary Inv. Plan*, No. 2:20-cv-05805-VAP-KSx, 2021 U.S. Dist. LEXIS 169186, at *4 (C.D. Cal. Jan. 11, 2021) (noting that "Courts grant motions to withdraw as counsel where, as here, there is an irreparable break in the attorney client relationship"); *Heilman v. Silva*, No. 13-CV-2984 JLS (AGS), 2017 U.S. Dist. LEXIS 29893, at *6 (S.D. Cal. Mar. 2, 2017) (granting motion to withdraw based on irreconcilable differences, noting that although "Plaintiff's Counsel do not reveal these differences based on possibly waiving attorney-client privilege . . . the Court credits the truth of [counsel's] declaration that they 'maintain differing opinions and positions regarding the handling of Plaintiff's case to the point that [they] have irreconcilable differences and cannot amicably carry on the attorney-client relationship.'"). Venable's good faith assertion of good cause in light of its ethical obligations should have been accepted by this Court.

The case law Plaintiffs cite is clearly distinguishable. For example, Plaintiffs cite to *Glasser v. Berzner* for the contention that "[u]nspecific allusions to irreconcilable differences are not enough." *Glasser v. Berzner*, No. SA CV 21-00661-DFM, 2022 WL 1843985, at *1 (C.D. Cal. Feb. 18, 2022). However, in this case the attorney stated only that the attorney-client relationship "was riven by an irreconcilable conflict that makes it impossible to still represent defendant. I have had serious communication and other issues I do not want to discuss due to attorney client privilege." *Id.* Here, as discussed above, Venable provided significantly more detail. Moreover, the court in *Glasser*

7

REPLY ISO MOTION FOR RECONSIDERATION

found that "[m]ost critically, although counsel properly seeks leave of court to withdraw, there is no indication that he has given written notice to both his client and Plaintiff of his intention to withdraw in advance of filing the motion." *Id.* Here, Venable alerted Defendant and Plaintiffs of its intent to withdraw on multiple occasions. (Dkt. 133-1 at ¶¶ 4-6, 8, 9, 13, 14). Plaintiffs' reliance on *W.B. Music Corp.* is similarly distinguishable. There, counsel "declined to specify the manner in which Defendants have rendered it unreasonably difficult for them to carry out their continued representation of them." *WB Music Corp. v. Royce Int'l Broad. Corp.,* No. EDCV16600JGBSPX, 2019 WL 11638326, at *2 (C.D. Cal. May 1, 2019). Here, as discussed above, Venable has provided specific detail as to the "manner" in which Defendant has made it unreasonably difficult to carry out the representation. Furthermore, Venable has offered to submit copies of attorney-client correspondence for *in camera* review[1] to allow this Court to fully evaluate the extent of the breakdown. *Jones v. James Trading Co. Ltd.*, No. CV 19-02674-MWF (JEM), 2022 U.S. Dist. LEXIS 139286, at *4 (C.D. Cal. Jan. 5, 2022) (permitting counsel's withdrawal, noting that "results of the in-camera review, together with the circumstances unique to this case, merit granting of the Motion" but recognizing that "defense counsel must caution against publicly disclosing excessive information about the alleged 'breakdown in the attorney-client relationship' because those exchanges are largely protected by attorney-client privilege.").

      Plaintiffs further claim that there is "reason to doubt" Venable's assertion of the attorney-client privilege.

---

[1] Plaintiffs provide a laundry-list of irrelevant documents that they believe this Court should request from Venable for *in camera* review. (Dkt. 178 at 11-12). These documents seem to have no relevance to the breakdown in the attorney-client relationship. Moreover, Plaintiffs request documents related to Venable's billing and its representation of non-party witnesses dating back to April 2023, months prior to Venable's decision to withdraw, but cite no authority to support their contention that these documents are necessary to evaluate Venable's claims of the irretrievable breakdown in the attorney-client relationship.

First, Plaintiffs allege that Venable continues to represent Defendant in a matter before the Trademark Trial and Appeals Board ("TTAB"). (Dkt. 178 at 8). Plaintiffs neglect to mention that this matter has been <u>suspended</u> pending the disposition of the instant action. (Second Brooks Decl. at ¶ 3, Ex. 2 at 3-4). During a period of suspension, the TTAB will not consider new filings. Indeed, the TTAB neglected to consider Plaintiffs' own motion to strike in light of the suspension. (*Id.*) (stating that "the Board will not consider the motion to strike at this time" but allowing Plaintiffs to "refile the motion to the extent warranted upon resumption of the proceeding."). Plaintiffs' assertion that Venable is actively representing Defendant in this matter is therefore misleading and inaccurate. And, if granted withdrawal from the present action, Venable will seek withdrawal from the companion TTAB proceeding. (Second Brooks Decl. at ¶ 4).

Second, Plaintiffs continue to mischaracterize the nature of certain USPTO filings made on behalf of Defendant's affiliate Alps Holding. As an initial matter, these filings were made behalf of Alps Holding[2], not on behalf of Defendant. The filings were also made months before Venable's *ex parte* application was made on July 10, 2023. (Dkt. 179 at ¶18, Ex. 18) (Dkt. 135-1 at ¶8) (Dkt. 135-2 at Exs. 4-11). Moreover, as noted in its Motion for Reconsideration, filing an express abandonment of an application or surrender of registration with the USPTO does not constitute an "ongoing representation." *See* 37 C.F.R. § 2.17(g). Indeed, the Trademark Manual of Examining Procedure ("TMEP") § 604.03 explicitly states that the USPTO considers an attorney's representation to end when an application is abandoned or, for post-registration filings, including surrenders of registrations under Section 7, "upon acceptance or final rejection of the filing." Once the trademark registrations at issue are cancelled, Venable's Power of Attorney with the USPTO will automatically terminate. Plaintiffs'

---

[2] Plaintiffs make bare bones assertions that Alps Holding is the "alter ego" of Defendant, but provide little support for such statements. Moreover, Plaintiffs assertions do not change the fact that they did mischaracterize the nature of this representation. Venable is not representing the Defendant, but is representing Alps Holding.

position that "even with respect to any registrations that are recognized as surrendered the power of attorney does not 'automatically terminate'" is simply incorrect. (Dkt. 178 at 10). Plaintiffs' argument conflates the attorney contact information with a power of attorney. *See* TMEP § 604.03 ("[W]hen the USPTO deems recognition of a representative has ended, the USPTO will not automatically change the attorney and correspondence address."). Whether Venable must make some additional filing to remove its contact information from the USPTO database once the surrenders are accepted has <u>no bearing</u> on whether its power of attorney remains effective. The TMEP is clear that "[t]he USPTO also considers recognition of a qualified U.S. attorney to end when the registration is cancelled or expired, or when ownership changes." TMEP § 604.03. The fact that the USPTO has not yet accepted or denied the surrenders is beyond Venable's control, but once the filings are accepted, Venable's power of attorney <u>will</u> terminate. The USPTO will only continue to recognize the previously recognized attorney if he or she appears or signs a document on behalf of the applicant or registrant, <u>after</u> the power of attorney terminates. 37 C.F.R. § 2.17(b)(1)(ii)–(iii); 37 C.F.R. § 2.17(g)(2).

Third, Plaintiffs cite to Venable's representation before its *ex parte* application and motion to withdraw and after its application was denied. Plaintiffs first cite to Venable's actions in pursuing a motion to compel on June 21 and June 22 as indicative of its continued representation of Defendant. But, this was prior to both Venable's notice to Plaintiffs of its intent to withdraw and to Venable's *ex parte* application. (Dkt. 178 at 11). Next, Plaintiffs point to Venable's efforts in opposing Plaintiffs' discovery motions following denial of the *ex parte* application to withdraw as evidence contradicting Venable's basis for withdrawal. (*Id.*). Plaintiffs seem to suggest that, in order to withdraw from this representation, Venable must ignore its ethical responsibilities and refuse to provide assistance of counsel to Defendant and its third-party witnesses despite the denial of its motion to withdraw. Obviously, Venable has an ethical obligation to continue its representation of Defendant so long as it remains

counsel of record. *See Black Mt. Equities, Inc. v. Players Network, Inc.*, No. 3:18-cv-1745-BAS-AHG, 2020 U.S. Dist. LEXIS 77468, at *40 (S.D. Cal. May 1, 2020) ("[W]hen a motion to withdraw is denied, counsel must continue representation of the client . . . a lawyer shall not terminate a representation before that tribunal without its permission.'"). Thus, until leave of court is granted, Venable must and will continue to represent Defendant, and its third-party witnesses, pursuant to its professional and ethical obligations. *See WB Music Corp. v. Royce Int'l Broad. Corp.*, EDCV 16-600 JGB (SPx), 2019 WL 11638326, at *2 (C.D. Cal. May 1, 2019) (admonishing counsel for "improperly withdr[awing] from their responsibilities as Defendants' counsel without first receiving the Court's leave to withdraw. . . ."). In fact, Plaintiffs ask this Court to keep Venable engaged as counsel precisely *because* it is ethically obligated to represent its clients and respond to Plaintiffs' actions during this allegedly "busy juncture" of the case. Plaintiffs' contradictory argument therefore holds little weight.

### 2. Venable's Withdrawal Will Not Prejudice Plaintiffs or Cause Delay In Light of this Court's Five-Month Extension of the Case Schedule

Plaintiffs continue to assert that it will face prejudice if Venable is permitted to withdraw. However, this Court recently ordered a <u>five-month</u> extension of the case schedule in this matter. (Dkt. 157). Incredibly, Plaintiffs make no mention of these changed circumstances in their Opposition. Plaintiffs' allegation that "the Court was correct in denying Venable's withdrawal on an *ex parte* basis by concluding that 'allowing withdrawal at this busy point in the discovery phase without substitute counsel ready to step in would cause further delays and substantial harm to Plaintiffs'" is thus disingenuous and deceptive because Plaintiffs now have ample time to obtain discovery, file motions, and request whatever relief they desire given that fact discovery is now set to close February 1, 2024 and trial is not set to commence until July 23, 2024. (Dkt. 157); (Dkt. 178 at 12). This case is no longer at a "busy juncture", which Plaintiffs well know.

Next, Plaintiffs state that "Defendant appears to be counting on Venable's

withdrawal prior to adjudication of Plaintiffs' Motion for Leave to File a First Amended Complaint." (Dkt. 178 at 13). But, Venable's withdraw was not related in any way to Plaintiffs' Motion for Leave to Amend. Venable alerted Defendant of its intent to withdraw on May 26, 2023, weeks before Plaintiffs indicated their intent to file a Motion to Amend on June 8, 2023. (Dkt 133-1 at ¶ 5) (Dkt. 177-1 at ¶ 14, Ex. 5). Further, Defendant has now filed an opposition to Plaintiffs' Motion for Leave to Amend Complaint. (Dkt. 177).

Plaintiffs' allegations of prejudice make clear their improper intentions. Although Venable has repeatedly asserted that it has not been able to obtain Defendant's consent to appear for depositions (despite a Court order), Plaintiffs continue to oppose Venable's withdrawal. Plaintiffs state that their opposition "is not even a matter of whether Defendant is compliant to the demands of the litigation – it is a matter of the litigation coming to a sudden halt." (Dkt. 178 at 14). Plaintiffs know that there has been a breakdown in the attorney-client relationship, and have used this fact to their advantage at every juncture, filing motions to compel, motions for sanctions, and even serving discovery after Venable gave the required notice of its withdrawal. (Dkt. 133-1 at ¶ 4, Ex. 1); (Second Brooks Decl. at ¶ 5, Ex. 3). The Court should reconsider its prior order and allow Venable's withdrawal in light of these circumstances. *See Jones* 2022 U.S. Dist. LEXIS 139286 at *5 (permitting withdrawal despite plaintiffs' "valid concerns that this withdrawal could further encourage Defendants to avoid accountability by refusing to attend court-ordered meetings", reasoning that "Defendants' counsel does not have the power to force their clients to submit documents, attend required meetings, or otherwise compel compliance with attempted enforcement proceedings.").

### 3. Venable Provided Notice of the Consequences of Withdrawal to Defendant

Finally, Venable has thoroughly alerted Defendant to the consequences of its inability to proceed *pro se* as a corporation, including the consequences of default. (Dkt.

141 at 6); (First Brooks Decl. at ¶ 4). Venable provided notice of these consequences to Defendant via Zoom on June 18, 2023 and Venable also provided additional written notice of these consequences to Defendant on July 12, 2023. (First Brooks Decl. at ¶ 4); (Dkt. 174-1 at ¶ 19). Defendant is well informed as to the consequences of Venable's withdrawal and, in its discretion, the Court should have permitted Venable's withdrawal. *Dist. Council 16 N. Cal. Health & Welfare Tr. Fund v. Lambard Enters.*, No. C 09-05189 SBA, 2010 U.S. Dist. LEXIS 94064, at *5 (N.D. Cal. Aug. 24, 2010) (granting motion to withdraw where defendant failed to cooperate with discovery obligations and counsel gave verbal, not written, notice of its intent to withdraw).

C. **The Court Should Not Grant Plaintiffs' Improper Request for a "Quid Pro Quo"**

Plaintiffs again request improper and unprecedented relief in the form of a "quid pro quo." Plaintiffs ask to "trade" Venable's withdrawal for the grant of Plaintiffs' Motion for Leave to Amend Complaint *regardless of whether they have met their burden of proof*. The proposed trade bears no relationship to Venable's withdrawal and comes on the heels of Defendant's recent opposition highlighting the numerous deficiencies in Plaintiffs' Motion for Leave to Amend Complaint. (Dkt. 177). Plaintiffs' Motion for Leave should be decided on the merits of the parties' respective briefings. Plaintiffs do not cite any case law whatsoever in support of the relief they seek. This improper request should be denied.

III. **CONCLUSION**

Based on the foregoing, Venable respectfully requests that this Court reconsider denial of Venable's *ex parte* application and allow Venable to withdraw.

Dated: September 27, 2023

VENABLE LLP

By: */s/ Sarah S. Brooks*
Sarah S. Brooks
Sharoni S. Finkelstein
Alicia M. Sharon

*Attorneys for Defendant and Counterclaimant TNSG HEALTH CO., LTD.*